# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DALLAS ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 18-cv-2509-JAR-TJJ |
| ) | |
| BRANDY ROBINSON, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT AND PROPOSED FINDINGS

Plaintiff commenced this action *pro se* on September 24, 2018 by filing a Complaint (ECF No. 1) alleging Defendant Brandy Robinson is liable for theft and/or fraud.[1] The complaint refers to a letter Brandy Robinson allegedly received stating she owes Plaintiff $11,078, but Plaintiff contends the proper amount is $20,000. The Complaint does not set forth who sent the letter, why Plaintiff believes Brandy Robinson owes her money, or what conduct

---

[1] Compl. at 3, ECF No. 1.

allegedly constituted theft and/or fraud.  Plaintiff asserts diversity jurisdiction exists, but lists Kansas as the state of citizenship both for herself and for Defendant.  Plaintiff also checked a box stating jurisdiction is founded on 28 U.S.C. § 1343 because of a violation of civil or equal rights, privileges, or immunities, but the Complaint lists no facts referencing or supporting that basis.

This matter comes before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3).  Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under section 1915 lies within the "wide discretion" of the trial court.

Plaintiff has shown a financial inability to pay the required filing fees. Based on the information provided in her financial affidavit, Plaintiff lives with her grandparents and has no income or expenses.  However, when a party seeks to proceed without the prepayment of fees, § 1915 requires the court to screen the party's complaint. The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Additionally, the complaint must state

more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[2]  Because Plaintiff proceeds pro se, her pleadings are liberally construed.[3]  Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[4]

The common law elements of fraud in Kansas are: (1) The defendant made a false statement concerning an existing and material fact; (2) the defendant knew the statement was false or recklessly made the statement without knowing its validity; (3) the defendant intentionally made the statement for the purpose of inducing the plaintiff to act upon it; (4) the plaintiff reasonably relied and acted upon the defendant's statement; and (5) the plaintiff sustained damage by relying upon the statement.[5]  Plaintiff's complaint does not set forth facts showing she is entitled to relief for fraud.

Theft is not a civil cause of action, and Plaintiff is not entitled to relief in a civil lawsuit for alleged theft.

Plaintiff alleges both she and Defendant are citizens of the State of Kansas.  Diversity jurisdiction requires Plaintiff and Defendant to be citizens of different states.

The undersigned concludes there is an insufficient factual basis in the complaint to raise a right to relief above the speculative level.  In addition, the complaint reveals no facts which would support the District of Kansas having jurisdiction over Defendant.  By failing to

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] *Id.*

[5] Knop v. Gardner Edgerton Unified School District No. 231, 41 Kan.App.2d 698, 205 P.3d 755 (Kan. Ct. App. 2009).

adequately plead, Plaintiff has failed to state a claim upon which relief may be granted as to her claims against Defendant.

## **RECOMMENDATION**

Accordingly, the undersigned U.S. Magistrate Judge recommends that Plaintiff's motion to proceed *in forma pauperis* be **DENIED**, and that Judge Robinson **DISMISS** this action.

Respectfully submitted.

Dated in Kansas City, Kansas this 16th day of October, 2018.

*/s/ Teresa J. James*
Teresa J. James
U. S. Magistrate Judge