# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DALLAS ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 18-cv-2509-JAR-TJJ |
| | ) | |
| BRANDY ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff, proceeding *pro se* filed this action alleging Defendant Brandy Robinson is liable for theft and/or fraud. This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Retain Counsel (ECF No. 4). Plaintiff requests that the Court appoint counsel to represent her in this case. For the reasons set forth below, Plaintiff's Motion to Appoint Counsel is denied.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[1] Instead, courts considering requests for the appointment of counsel in civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel

---

[1] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[2] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[3] In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the litigant's ability to retain counsel, (2) the merits of the litigant's claims, (3) the nature of the factual issues raised in the claims, (4) the litigant's ability to present his/her claims, and (5) the complexity of the legal issues raised by the claims.[4]

After reviewing the Complaint, Motion to Appoint Counsel, and the above factors, the Court finds that Plaintiff's request to appoint counsel should be denied. In reaching this decision, the Court places substantial emphasis on the first and second factors under § 1915(e)(1)—the litigant's ability to retain counsel and the merits of the litigant's claims. Based on the information contained in Plaintiff's Motion for Appointment of Counsel, Plaintiff has not made a good faith effort to hire an attorney despite acknowledging the requirement that she make a reasonably diligent effort under the circumstances to obtain an attorney.[5] It does not appear that Plaintiff has contacted any attorney regarding her case, as she left blank the section in her motion requesting details about her attempts to hire an attorney. Absent a good-faith effort to secure counsel, the Court cannot find that Plaintiff is entitled to appointed counsel based on inability to retain counsel on her own.

Moreover, as discussed in the Court's Report and Recommendation filed this date (ECF No. 5), Plaintiff's claims do not appear to be meritorious. The Complaint does not appear to state a cognizable claim for relief as there is an insufficient showing that Plaintiff is entitled to relief under the facts as laid out in the Complaint.

---

[3] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).

[4] *Brewer*, 2008 WL at *5–6.

[5] *See* Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Retain Counsel (ECF No. 4) at 1-2.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Appoint Counsel (ECF No. 4) is denied.

Dated in Kansas City, Kansas this 16th day of October, 2018.

Teresa J. James
U. S. Magistrate Judge